# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

TZIPORA LEFKOWITZ,        \*
Individually, and for the Minor, M.L., \*     No. 17-987V
                  \*
           Petitioner,    \*     Special Master Christian J. Moran
                  \*
v.                  \*
                  \*     Filed: May 31, 2018
SECRETARY OF HEALTH    \*
AND HUMAN SERVICES,    \*     Diphtheria, tetanus, acellular pertussis
                  \*     ("DTaP") vaccine; polio vaccine;
                  \*     hepatitis A vaccine; urticaria;
                  \*     compensation.
           Respondent.    \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Joseph L. Krueger, Siri & Glimstad LLP, New York, NY, for petitioner;
Ashley M. Simpson, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Tzipora Lefkowitz filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10 through 34 (2012), on July 21, 2017, on behalf of her minor child, M.L. Her petition alleged that M.L. had an adverse reaction, including urticaria, resulting from receiving the Diphtheria, tetanus, acellular pertussis, polio, and hepatitis A vaccinations on July 24, 2014.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this ruling on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

On May 2, 2018, Ms. Lefkowitz moved for a decision dismissing her petition. The undersigned confirms that the information in the record does not show entitlement to an award under the Program.

## I.  Procedural History

This case was transferred to the undersigned on July 26, 2017, shortly following the filing of the petition. After an initial status conference on August 23, 2017, the parties were ordered to file a joint statement of completion. Following an extension of time and an authorization to subpoena documents, the joint statement of completion was filed on December 4, 2017.

The respondent then submitted his report pursuant to Vaccine Rule 4. In this report, respondent contended that petitioner had not met her to establish entitlement to compensation. Respondent argued that the medical records did not support petitioner's assertion that M.L. had an immediate reaction to the vaccination. Resp't's Rep. at 7. The respondent also maintained that a treating doctor had not diagnosed M.L. as suffering from chronic urticaria. Id.

At the next status conference, petitioner intended to retain an expert to address the issues raised in Respondent's Rule 4 report. Petitioner received two extensions of time to file a status report advising whom she had retained as an expert.

Petitioner never filed a status report and instead filed the present motion for a decision dismissing her petition.

## II.  Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), petitioner must prove either 1) that M.L. suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to her vaccination, or 2) that she suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). Because urticaria is not a "Table Injury," Ms. Lefkowitz cannot proceed on that basis. Thus, she is necessarily pursuing a causation-in-fact claim.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In

this case, because the medical records do not support Ms. Lefkowitz's claim, a medical opinion must be offered in support. Ms. Lefkowitz, however, has offered no such opinion.

Accordingly, it is clear from the record in this case that Ms. Lefkowitz has failed to demonstrate either that M.L. suffered a "Table Injury" or that M.L.'s injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master